UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ARMANDO URRUTIA (A-Number: 087-588-769),[1]

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 2:26-cv-0732-DJC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Jose Armando Urrutia entered the United States around 2022 and was detained by ICE in 2026. Petitioner is subject to a final order of removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates the Fifth Amendment and the Immigration and Nationality Act. For the reasons outlined below, I recommend that the petition be denied.

**Background**

Petitioner entered the United States around 2022. *See* ECF No. 1 at 4 (petitioner alleging that he entered "approximately four years ago"). There is no evidence or allegation that, prior to his present detention, petitioner has had any contact with immigration officials.

In January 2026, petitioner was detained by ICE. *Id*. Since his detention, he has not been afforded a bond hearing. *See id*. On February 26, 2026, an immigration judge ordered petitioner removed. ECF No. 8 at 8. Petitioner waived his right to appeal that order. *Id*. at 9. Accordingly, the order of removal became final when it was issued. *See* 8 C.F.R. § 1241.1(b).

---

[1] The petition provides an incorrect A-Number for petitioner. I will order the Clerk of Court to update the docket to include petitioner's correct A-Number.

1

**Procedural History**

On March 6, 2026, petitioner filed a petition for writ of habeas corpus.  ECF No. 1.  Petitioner concurrently filed a motion for temporary restraining order.  ECF No. 2.  On March 11, 2026, respondent filed an answer.  ECF No. 8.  On the following day, the court denied petitioner's motion for temporary restraining order and referred the matter to me.  ECF No. 9.  On April 21, 2026, petitioner filed a supplemental brief.  ECF No. 10.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention violates both the Fifth Amendment and the Immigration and Nationality Act.  ECF No. 1 at 7-8.  Respondent counters that the petition should be dismissed because petitioner is subject to mandatory detention following a final order of removal.  ECF No. 8 at 2-3.

The Immigration and Nationality Act provides that when a noncitizen "is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  Relevant here, the removal period begins on the "date the order of removal becomes administratively final."  *Id*. § 1231(a)(1)(B).  Moreover, detention during the removal period is mandatory.  *See id*. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").  The

Court of Appeals has held that this period of detention "passes constitutional scrutiny" because there is no danger of indefinite detention; on the contrary, the provision authorizes "detention for 90 days only." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

Here, petitioner was ordered removed on February 26, 2026. ECF No. 8 at 6. Because petitioner waived his right to appeal, the order became final on that day. *See* 8 C.F.R. § 1241.1(b). Consequently, petitioner is subject to mandatory detention during his removal period, which runs through May 27, 2026. *See* 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). Moreover, this mandatory detention does not violate petitioner's due process rights. *See Khotesouvan*, 386 F.3d at 1301. Accordingly, petitioner's detention neither violates the Fifth Amendment nor the Immigration and Nationality Act.

It also bears mention that after the removal period expires in May 2026, petitioner could still be subject to discretionary detention. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention under this section and held that:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient.

533 U.S. at 701 (internal quotation marks and citation omitted). Accordingly, petitioner's detention is "presumptively reasonable" until six months following the issuance of the removal order. *See id*.

### Conclusion

Accordingly, it is hereby ORDERD that the Clerk of Court shall update the docket to include petitioner's correct A-Number, 087-588-769.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

3

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 29, 2026                          _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE

4